# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Castillo | Sitting Judge if Other than Assigned Judge | SHADUR |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1542 | **DATE** | 3/26/2001 |
| **CASE TITLE** | Mattie vs. Comdisco, Inc., et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/6/01 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff's motion for a finding of relatedness is granted. (6-1) Case numbers 01 C 974 (Shadur), 01 C 998 (Shadur), 01 C 999 (Conlon), 01 C 1017 (Manning), 01 C 1060 (Leinenweber), 01 C 1111 (Gottschall), 01 C 1148 (Plunkett), 01 C 1177 (Norgle), 01 C 1479 (Norgle), 01 C 1542 (Castillo) and 01 C 1586 (Holderman) are all found to be related to case 01 C 874. For convenience, a separate case number (01 C 2110) and the general caption "In re Comdisco Securities Litigation " will be employed in all future orders and opinions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 2  '01 | 4 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/27/2001 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

01C 2109

01C 2110

JUDGE SHADUR

MAGISTRATE JUDGE ASHMAN

DOCKETED

MAR 2 8 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL BLITZER, individually and
on behalf of all others similarly
situated,

               Plaintiffs,

v.

COMDISCO, INC., NICHOLAS K.
PONTIKES and JOHN J. VOSICKY,

               Defendants.

) No.  01 C 874
) (also entered in Case Nos.
) 01 C 974
) 01 C 998
) 01 C 999
) 01 C 1017
) 01 C 1060
) 01 C 1111
) 01 C 1148
) 01 C 1177
) 01 C 1479
) 01 C 1542
) 01 C 1586)

## MEMORANDUM ORDER

This Court's calendar now includes the above-captioned lowest-numbered putative securities class action in this District Court (01 C 874) as well as two other such actions (01 C 974 and 01 C 998), each stemming from the plaintiffs' purchase of shares of common stock in Comdisco, Inc. during the period from January 25, 2000 through October 3, 2000. Because nine other identical lawsuits then followed in short order--a series of actions brought by different putative class representatives (for the identically-identified class) against the same defendants-- this Court grants the motion heretofore filed in the _Blitzer_ action for reassignment of those other nine actions to this Court's calendar on relatedness grounds under the provisions of this District Court's LR 40.4. This early procedural order is being entered not only in the lowest-numbered case (entitled as reflected in the caption of this memorandum order) but also in

the other 11 higher-numbered cases (the case numbers are also listed in the caption, and the respective plaintiffs and case numbers are also set out in Ex. A to this memorandum order):

1. For convenience, a separate case number and the general caption "In re Comdisco Securities Litigation" will be employed in all future orders and opinions in these actions. That new case number is being stamped on the file original of this memorandum order. In any situation in which fewer than all of the actions are implicated in any future order or opinion, the caption will also state "Entered only in Case No[s]. --."

2. Under 15 U.S.C. §78u-4(a)(3)(A),[1] the plaintiff in Case No. 01 C 874 is obligated to have published a notice looking to the appointment of a lead plaintiff to represent the putative class. It is possible (though Subsection (a)(3)(A)(ii) specifies that it is not necessary) that one or more of the plaintiffs in the other listed cases may have published similar notices. Counsel in each action in which such a notice has been published are ordered to file in this Court's chambers, on or before April 5, 2001, a statement as to their compliance with that requirement (including as an exhibit a copy of the notice).

---

[1] All future references to subparts of 15 U.S.C. §78u-4 will omit that portion of the statutory designation, reading simply "Subsection--."

3.  In light of the identity of subject matter of all 12 actions involved here, this Court contemplates the sua sponte entry of an order at the next status hearing date (scheduled for 9:30 a.m. April 6, 2001) consolidating all of the actions both for pretrial purposes and for trial (see Subsection (a)(3)(B)(ii)) unless any of the parties in any case were to provide a reasonable showing as to why that action should not be taken.  If the short time interval remaining between the entry of this memorandum order and that April 6 hearing date prevents any party from proffering a written statement making such a showing, this Court will of course entertain any oral submission in that respect at the time of the April 6 status hearing.

4.  Because Subsection (a)(3)(B)(i) calls for this Court to determine the member or members of the putative plaintiff class who is or are "most capable of adequately representing the interests of class members" (referred to, as the statute does, as the "most adequate plaintiff"), and because there is a rebuttable and not conclusive statutory presumption that the most adequate plaintiff is a person or group having the largest financial interest in the relief sought by the class (Subsection (a)(3)(B)(iii)),  this Court's view is that maximizing the recovery that will inure to the class members (whether via settlement or litigation)

is an obvious critical element in determining the adequacy of the lead plaintiff to be selected. That in turn makes the portion of any recovery to be paid to class counsel (and hence that will not be retained by the class members themselves) an important factor in the evaluation. For that reason this Court expects to consider, although it should be stressed that this Court has not yet decided either way on the matter, the possibility of inviting sealed competitive bids from counsel who seek to represent the class (see In re Bank One Shareholders Class Actions, 96 F.Supp.2d 780 (N.D. Ill. 2000) and In re Amino Acid Lysine Antitrust Litigation, 918 F.Supp. 1190 (N.D. Ill. 1996)). In light of that possibility:

(a) Until further order of this Court, counsel in the 12 different cases are ordered not to discuss between themselves any aspects of the fee arrangements on which they would respectively be prepared to act as class counsel.

(b) At or before the April 6 status hearing, each counsel in each of the 12 cases is ordered to submit a statement that no such discussion with counsel in any of the other cases has taken place before the entry of this memorandum order or, if any such prior discussion has taken place, is ordered to submit under seal a

statement describing the nature and content of such discussions.

(c)  It is recognized that certain law firms are reflected as co-counsel in more than one of the cases in this group.  In order to preserve the integrity of a bidding procedure if one were to be adopted, while at the same time avoiding conflict of interest situations for such law firms, until further order of this Court the members of those firms are ordered not to discuss the subject of any prospective fee arrangements in any of the cases in which they are acting as co-counsel.

Milton I. Shadur
Senior United States District Judge

Date:  March 26, 2001

## Exhibit A

| Case No. | Plaintiff |
|---|---|
| 01 C 874 | Michael Blitzer |
| 01 C 974 | Sidney Weinstein |
| 01 C 998 | John Hinsley |
| 01 C 999 | I & M Associates, Inc. |
| 01 C 1017 | Gail Fialkov |
| 01 C 1060 | Andrew Kandel |
| 01 C 1111 | Joseph Falzone |
| 01 C 1148 | Christopher Manolakes |
| 01 C 1177 | Michael Ceasar as Trustee |
| 01 C 1479 | Robert Waring |
| 01 C 1542 | Michael Mattie |
| 01 C 1586 | John Kuzia |